UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEBORAH K. CRONIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:05-cv-1804-DFH-WTL |
| | ) |
| SOUTH INDIANA ANNUAL | ) |
| CONFERENCE, UNITED METHODIST | ) |
| CHURCH, | ) |
| | ) |
| Defendant. | ) |

ENTRY ON MOTION TO DISQUALIFY

Plaintiff Deborah K. Cronin has filed a motion under 28 U.S.C. § 455 asking me to disqualify myself from this case. The motion is granted under § 455(a), which provides that a federal judicial officer "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." I am granting the motion because of information that my father, a retired United Methodist minister with the defendant conference, worked with the defendant's Council of Ministries on some issues while plaintiff served as associate director of that entity.

The Supreme Court has explained that the purpose of § 455(a) is "to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." *Liljeberg v. Health Services Acquisition Corp.*, 486

U.S. 847, 865 (1988).  Even where disqualification is not required under § 455(b), as it clearly is not in this case, the judge has a duty to consider whether disqualification is appropriate under the broader standard of § 455(a).

The inquiry under § 455(a) is an objective one.  The standard is "how things appear to the well-informed, thoughtful observer rather than to a hypersensitive or unduly suspicious person."  *Hook v. McDade*, 89 F.3d 350, 354 (7th Cir. 1996) (denying writ of mandamus to force disqualification based on judge's wife's prior representation of a co-defendant in an unrelated state court trial), quoting *In re Mason*, 916 F.2d 384, 385-86 (7th Cir. 1990).  It seems most likely that there is little if any connection between this case and my father's recent work with the Council on Ministries.  Also, there is no indication that my father has any financial or other interest in the outcome of this case, or any information material to the case.  However, as the Seventh Circuit has warned under § 455(a), "it is essential to hold in mind that these outside observers are less inclined to credit judges' impartiality and mental discipline than the judiciary itself will be."  *In re Hatcher*, 150 F.3d 631, 637 (7th Cir. 1998), quoting *In re Mason*, 916 F.2d at 386.

Accordingly, I have concluded that the most prudent approach in the case is to disqualify myself.  The clerk of the court shall reassign this case to a new district judge pursuant to the usual random procedure.

So ordered.

-3-

Date:  October 23, 2006

_____
DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Michael K. Bonnell
mkbonnell@hotmail.com

Heather L. MacDougall
BAKER & DANIELS
heather.macdougall@bakerd.com

John T. Neighbours
BAKER & DANIELS
jtneighb@bakerd.com

Mark D. Trainer
BAKER & DANIELS
mark.trainer@bakerd.com